Paul A. Lesko – *pro hac vic*
Stephen C. Smith – *pro hac vice*
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
One Court Street
Alton, IL 62002
Telephone: 618-259-2222
Facsimile: 618-259-2251
plesko@simmonsfirm.com
ssmith@simmonsfirm.com

Crystal G. Foley (SBN 224627)
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
100 N. Sepulveda Blvd., Suite 1350
El Segundo, California 90245
Telephone: 310-322-3555
Facsimile: 310-322-3655
cfoley@simmonsfirm.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| LABYRINTH OPTICAL SOLUTIONS LLC, <br><br> Plaintiff, <br> v. <br><br> ALCATEL-LUCENT USA, INC., <br><br> Defendant. | ) NO. SACV 12-00759 AJG(MLGx) <br> ) Hon. Andrew J. Guilford <br> ) <br> ) **JOINT RULE 26(f)** <br> ) **REPORT** <br> ) <br> ) <br> ) <br> ) |

Joint Rule 26(f) Report

1

Pursuant to this Court's Order setting the Scheduling Conference [Docket No. 33], Plaintiff Labyrinth Optical Solutions LLC ("Labyrinth") and Defendant Alcatel-Lucent, Inc. ("Alcatel-Lucent") file this Joint Rule 26(f) Report.

A. **Synopsis**

Labyrinth asserts infringement of claims 1 and 14-15 of U.S. Patent No. 8,103,173 ("the '173 patent") and claim 22 of U.S. Patent No. 7,599,627 (the '627 Patent"), both entitled "Method and System for a Polarization Mode Dispersion Tolerant Optical Homodyne Detection System with Optimized Transmission Modulation." Labyrinth contends that Alcatel-Lucent infringes the '173 patent at a minimum by making, using, selling, offering to sell and importing its 1830 Photonic Service Switch.

Alcatel-Lucent denies that its 1830 Photonic Service Switch or any other of its products infringe the '173 or '627 patent. Further, Alcatel-Lucent contends that the claims of both patents are invalid for anticipation or obviousness and possibly on other grounds as well. For these and possibly other reasons, Labyrinth is not entitled to any damages or other award in this case.

B. **Legal Issues**

These issues presented in this case include: (1) whether Alcatel-Lucent has directly infringed the '173 and '627 patents; (2) whether the asserted claims of the '173 and '627 patents are valid or invalid; (3) the proper construction of the

Joint Rule 26(f) Report 2

disputed claim terms; and (4) whether Labyrinth is entitled to recover damages from Alcatel-Lucent for any infringement and, if so, the amount of those damages and how they should be determined.

### C. Damages

Labyrinth is unable at this time to estimate with any reasonable degree of accuracy the total amount of its damages. Labyrinth will be seeking a reasonable royalty for Alcatel-Lucent's infringement of the '173 and '627 patents.

### D. Motions

Labyrinth does not anticipate filing a motion to add parties or amend its complaint at this time. Alcatel-Lucent does not plan any amendment of its pleadings at this time, but Alcatel-Lucent may move to amend if it discovers evidence of inequitable conduct or any other evidence supporting additional defenses.

### E. Discovery

The parties do not propose any changes in the timing, form, or requirement for disclosures under Rule 26(a). Such disclosures will be made by October 15, 2012.

The parties agree to follow in this case the procedure for infringement and invalidity disclosures and claim construction disclosures and briefing as set forth in the Patent Local Rules of the Northern District of California, but with the adjusted

dates provided in the case schedule set forth in Section L below. The parties ask the Court to order that this case follow the procedures set forth in Northern District of California Patent Local Rules 2-3 through 2-5 and 3-1 through 4-7, except that the dates and deadlines provided in Section L below shall supersede those specified in the Northern District of California Patent Local Rules. Infringement and invalidity contentions may be amended or supplemented only as provided in Northern District of California Patent Local Rule 3-6.

Labyrinth believes discovery will be necessary on the following issues:

1. The operations of Alcatel-Lucent's 1830 Photonic Service Switch as well as other products that may fall within the scope of the asserted patent,

2. The amount of infringement Alcatel-Lucent has engaged in, to determine damages, and

3. Alcatel-Lucent's affirmative defenses.

Alcatel-Lucent believes discovery will be necessary on the following issues:

1. The ownership of, and chain of title of, the asserted '173 and '627 patents;

2. Labyrinth's infringement contentions;

3. Claim construction of the '173 and '627 patents;

4. Labyrinth's bases for opposing Alcatel-Lucent's claims of invalidity and other affirmative defenses;

5. Prior art to the asserted '173 and '627 patents;

6. The patentees' knowledge of, and disclosures of, prior art in applying for and obtaining the patents;

7. The circumstances of the claimed invention;

8. Any related patents and applications;

9. Communications with third parties about the patents and any assertion or licensing of the patents to third parties;

10. Bases for Labyrinth's claims for damages;

11. All facts and circumstances relevant to setting a reasonable royalty, including all factors set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970);

12. Any sales of patented products and practices with regard to marking any such products with the patent numbers; and

13. Any notice given to Alcatel-Lucent of the alleged infringement.

Additional information regarding the timing and sequence of discovery is contained in the parties' Proposed Timetable, proposed in Section L.

The parties are in the process of negotiating a protocol for electronic discovery, which they expect to implement as a separate agreement or stipulation.

The parties agree that privilege logs need not include any privileged documents or trial-preparation materials first created after the commencement of this case. Except for that agreement, the parties do not presently see any issues about claims of privilege or of protection as trial-preparation materials, nor any need for an order on that subject.

Except for that agreement and except for the schedule provided in Section L below, the parties do not presently request any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, nor any other limitations, nor any other orders under Fed.R.Civ.P 26(c) or Fed.R.Civ.P 16(b) or (c).

F. **Complex Cases**

The parties do not believe any part of the Procedures of the Manual for Complex Litigation should apply.

G. **Motion Schedule**

Plaintiff believes that should discovery show the need, it may file dispositive motions on the issue of infringement (either in conjunction with the claim construction hearing or after the claim construction ruling) or against Alcatel-Lucent's affirmative defenses after the discovery process.

Alcatel-Lucent anticipates filing motions for summary judgment of non-infringement and invalidity of both asserted patents. As provided in Section L

below, the parties propose a cutoff date of June 30, 2014, for dispositive motions.

## H. ADR

The parties have engaged in settlement discussions related to this case. Pursuant to L.R. 16.15-5, the parties select mediation. They propose that the mediation be conducted no later than 30 days after the exchange of rebuttal expert reports.

## I. Trial Estimate and Date

This case is to be tried to a jury. The parties anticipate that the trial of this action is likely to require eight to ten days. The parties propose a trial date of October 6, 2014.

## J. Additional Parties

The parties have no current plans to add any additional parties to this case.

## K. Expert Witnesses

In Section L below, the parties propose the timing of disclosures under F.R.Civ.P. 26(a)(2).

## L. Timetable

The parties submit the following schedule based on the procedures set forth in Northern District of California Patent Local Rules:

| October 22, 2012 | Scheduling Conference |

| | |
|---|---|
| December 5, 2012 | Disclosure of Asserted Claims and Infringement Contentions and Documents Production Accompanying Disclosure, Pursuant to Patent L.R. 3-1 and 3.2. |
| January 28, 2013 | Disclosure of Invalidity Contentions and Documents Accompanying Invalidity Contentions, pursuant to 3-3 and 3-4. |
| February 11, 2013 | Exchange of Proposed Terms for Construction pursuant to Patent L.R. 4-1. |
| March 13, 2013 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2. |
| April 15, 2013 | Joint Claim Construction and Prehearing Statement pursuant to Patent L.R. 4-3. |
| May 15, 2013 | Close of Claim Construction Discovery pursuant to Patent L.R. 4-4. |
| May 30, 2013 | Opening Claim Construction Brief pursuant to Patent L.R. 4-5. |
| June 13, 2013 | Response Claim Construction Brief pursuant to Patent L.R. 4-5. |
| June 20, 2013 | Reply Claim Construction Brief pursuant to Patent L.R. 4-5. |
| July 2013 | Claim Construction Hearing |
| **Fifty (50) days** after Claim Construction Ruling | Opinions of Counsel on which it intends to rely pursuant to Patent L.R. 3-9. |
| **Eighty (80) days** after Claim Construction Ruling | Close of Fact Discovery. |
| One hundred and five (105) days after the Court's Claim Construction Ruling. | Identify testifying experts and provide Rule 26 opening expert reports on issues for which they carry the burden of proof. |
| Twenty-eight (28) days after opening expert reports. | Identify rebuttal experts and provide reports. |
| Twenty-eight (28) days after rebuttal expert reports. | Expert depositions must be completed. |
| Twenty-eight (28) days after | The parties must file dispositive motions. |

Joint Rule 26(f) Report        8

| | |
|---|---|
| expert depositions. | |
| Fourteen (14) days after dispositive motions. | Responses to dispositive motions. |
| June 30, 2014 | Last day to conduct MSJ hearings |
| August 30, 2014 | Pretrial Conference |
| October 6, 2014 | Trial |

Respectfully submitted,

Dated: October 15, 2012

SIMMONS BROWDER GIANARIS ANGELIDES & BARNERD LLC

By: */s/Paul A. Lesko*
Paul A. Lesko, - *pro hac vice*

Attorneys for Plaintiff and Counter-Defendant, LABYRINTH OPTICAL SOLUTIONS LLC

Dated: October 15, 2012

**ONE LLP**

By: _____
William J. O'Brien

Attorneys for Defendant and Counterclaimant, ALCATEL-LUCENT USA, INC.